IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LEROY E. BRANDT, ) | |
| ) | |
| Plaintiff, ) | Case No. CV06-166-S-EJL |
| ) | |
| vs. ) | MEMORANDUM ORDER |
| ) | |
| COMTRUST, INC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court in the above-entitled action is Defendant ComTrust, Inc.'s motion to dismiss under Federal Rules of Civil Procedure 12(b)(3) for improper venue. Plaintiff Leroy Brandt has filed his opposition to that motion and ComTrust has responded and therefore the motion is ripe for review. Having fully reviewed the record herein, the Court finds that the legal arguments are adequately presented in the brief and record. Accordingly, in the interest of avoiding further delay, and because the court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument.

**Background**

ComTrust, a Florida corporation, is engaged in the business of trading commodities futures. After receiving unsolicited telephone calls from ComTrust, Brandt agreed to purchase commodity futures on March 7, 2005. As part of the transaction, Brandt entered into a Commodity Customer Agreement (hereinafter "Agreement") with ComTrust. The eighteen-page Agreement included waivers, disclaimers, options, policies, and other provisions. One of these provisions was a forum selection clause, which stated, in relevant part, "all actions, disputes, claims, or proceedings . . . shall be adjudicated only in courts or other dispute resolution forums whose situs is within the City of Miami, State of Florida."

MEMORANDUM ORDER - Page 1
06ORDERS\BRANDT_DIS.WPD

Based on allegedly excessive fees and commissions, Brandt filed a complaint against Comtrust and Risk One, a Florida limited liability company, in Idaho State Court.  Risk One failed to appear and Brandt obtained a default judgement for his claims against Risk One.  ComTrust filed a motion to dismiss arguing that pursuant to the Commodity Exchange Act ("CEA") federal courts have exclusive jurisdiction over the matter.  Based on this motion, Brandt voluntarily dismissed his claims in the state court and filed a complaint against ComTrust in this Court.

In his federal complaint, Brandt claims that ComTrust violated federal commodities trading laws, Idaho investment laws, and the Idaho Consumer Protection Act.  ComTrust moves to dismiss this action because of the forum selection clause.

### Standard of Review

"A motion to enforce a forum-selection clause is treated as a motion pursuant to Federal Rule of Civil Procedure 12(b)(3)."  Kukje Hwajae Ins. Co., Ltd. v. M/V Hyundai Liberty, 294 F.3d 1171, 1174 (9th Cir. 2002).  Under 12(b)(3), the pleadings need not be accepted as true and the court may consider facts outside of the pleadings.  Murphy v. Schneider National, Inc., 362 F.3d 1133, 1137 (9th Cir. 2004).  But if there are controverted facts and evidence underlying the attempt to resist enforcement of the forum selection clause, the court should draw all reasonable inferences in favor of the non-moving party.  Id. at 1138.

### Discussion

Brandt argues, among other things, that the forum selection clause should not be enforced because it contravenes Idaho's public policy against those types of clauses.  ComTrust argues that Idaho public policy should not be considered in this action because it involves a federal statute, not solely state actions.

To determine the validity of a forum selection clause, the court should apply Federal law.  Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996).  The United States Supreme Court evaluated the enforceability of forum enforcement clauses in Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972).  According to Bremen, a forum selection clause is prima facie valid and is only set aside if it unreasonable.  Argueta, 87 F.3d at 325.  "A forum selection clause is unreasonable if (1) its incorporation into the contract was the result of fraud, undue influence, or overweening

MEMORANDUM ORDER - Page 2
06ORDERS\BRANDT_DIS.WPD

bargaining power; (2) the selected forum is so 'gravely difficult and inconvenient' that the complaining party will 'for all practical purposes be deprived of its day in court'; or (3) enforcement of the clause would contravene the strong public policy of the forum in which the suit is brought." Id. Because the Court finds that the clause contravenes strong public policy, the other two potential areas will not be discussed.

The Ninth Circuit has included state public policy as a consideration when it evaluates forum selection clauses in cases involving both federal and state statutes. Arguenta, 87 F.3d 320. In Arguenta, the causes of action included both federal and state statutory violations, but the Ninth Circuit still listed state public policy as a consideration for reasonableness. Id. at 324.

A state's strong public policy may be declared either by statute or judicial decision. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000). Here, the suit has been filed in Idaho, so Idaho public policy should apply to determine if the enforcement of the clause would be unreasonable. Argueta, 87 F.3d at 325.

Under Idaho law, "every stipulation or condition in a contract, by which any party thereto is restricted from enforcing his rights under the contract by the usual proceedings in the ordinary tribunals . . . is void." I.C. § 29-110(a). The Idaho Supreme Court has interpreted this statute as articulating a strong public policy against the enforcement of forum selection clauses. Fisk v. Royal Caribbean Cruises, Ltd., 108 P.3d 990, 993 (Idaho 2005). Therefore, under both statute and judicial decision, Idaho has a strong public policy against the enforcement of forum selection clauses.

However, ComTrust cites a recent Idaho Supreme Court case to support its argument that Idaho public policy should not apply because this case involves a federal statute. In Fisk, the Idaho Supreme Court held that Idaho public policy should not apply in a case involving admiralty law. Fisk, 108 P.3d 990. ComTrust argues that the holding in Fisk applies to all cases involving federal statutes. However, Fisk was based on a very specialized area of law. Id. The court was unwilling to apply Idaho public policy to determine the enforceability of a forum selection clause because it would run "counter to the principles that led Congress and the framers of the constitution to mandate a nationally uniform admiralty law." Id. at 993. The court recognized that uniformity is important because admiralty law involves international relations; and in order to achieve that uniformity, state

MEMORANDUM ORDER - Page 3
06ORDERS\BRANDT_DIS.WPD

public policy should not apply in the area of admiralty law.  Id. at 994.  Additionally, the enforceability of forum selection clauses had been specifically addressed in the area of admiralty law and the United States Supreme Court has held that courts are not permitted to apply state law when it conflicts with admiralty law.  Id.  The Idaho Supreme Court did not extend this reasoning to all federal statutes.  Due to the specialized nature of admiralty law, the Court finds that the scope of  Fisk is limited to admiralty law and does not extend to all federal statutes.

Therefore, the Court applies Idaho public policy to this forum selection clause.  Based on Idaho's strong public policy against its enforcement, the Court will not enforce the forum selection clause.  Even though Brandt's claims were brought under both federal and state statutes, Idaho public policy still applies and it precludes the enforcement of this clause.

### Order

Based on the foregoing, and the Court being fully advised in the premises, it is **HEREBY ORDERED** that Defendant's Motion to Dismiss (Docket No. 8) is **DENIED**.

DATED:  **July 28, 2006**

Honorable Edward J. Lodge
U. S. District Judge